# Exhibit A



OKLAHOMA
State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| MAXINE Y DESANZO,<br>    Plaintiff,<br>v.<br>AHS SOUTHCREST HOSPITAL LLC,<br>    Defendant. | **No. CJ-2018-2743**<br>**(Civil relief more than $10,000: WRONGFUL TERMINATION)**<br><br>Filed: 06/26/2018<br><br><br>Judge: Kuehn, Dana |

## PARTIES

AHS SOUTHCREST HOSPITAL LLC, Defendant
DESANZO, MAXINE Y, Plaintiff

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| SMOLEN, DANIEL E (Bar #19943)<br>SMOLEN, SMOLEN & ROYTMAN, PLLC<br>701 S. CINCINNATI AVE<br>TULSA, OK 74119 | DESANZO, MAXINE Y |

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**       Issue: WRONGFUL TERMINATION (TERMINATE)
Filed By: DESANZO, MAXINE Y
Filed Date: 06/26/2018

**Party Name**                            **Disposition Information**
**Defendant:**
AHS SOUTHCREST HOSPITAL LLC

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 06-26-2018 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 06-26-2018 | TERMINATE | WRONGFUL TERMINATION | | | |
| 06-26-2018 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 06-26-2018 | PFE1 | PETITION Document Available (#1040713551) 📄TIFF 📄PDF | | | $ 163.00 |
| 06-26-2018 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 06-26-2018 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 06-26-2018 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 06-26-2018 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 06-26-2018 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 06-26-2018 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 06-26-2018 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 06-26-2018 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 06-26-2018 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 06-26-2018 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 06-26-2018 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 06-26-2018 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 06-26-2018 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 06-26-2018 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 10.00 |
| 06-26-2018 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY | | | |
| 06-26-2018 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE KUEHN, DANA TO THIS CASE. | | | |
| 06-26-2018 | ACCOUNT | RECEIPT # 2018-3786107 ON 06/26/2018. PAYOR: SMOLEN SMOLEN TOTAL AMOUNT PAID: $ 242.14. LINE ITEMS: CJ-2018-2743: $173.00 ON AC01 CLERK FEES. CJ-2018-2743: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. CJ-2018-2743: $1.66 ON AC31 COURT CLERK REVOLVING FUND. CJ-2018-2743: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2018-2743: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2018-2743: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. CJ-2018-2743: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CJ-2018-2743: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND. CJ-2018-2743: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2018-2743: $10.00 ON AC81 LENGTHY TRIAL FUND. CJ-2018-2743: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

MAXINE Y. DESANZO,                    )
                                      )
    Plaintiff,                        )
                                      )
                                      )          Case No.:
vs.                                   )
                                      **CJ-2018-02743**
AHS SOUTHCREST HOSPITAL, LLC          )     Attorney Lien Claimed
A Foreign Limited Liability Company,  )
                                      )
    Defendant.                        )

## ORIGINAL SUMMONS

### SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED

AHS Southcrest Hospital, LLC
c/o Corporation Service Company
10300 Greenbriar Place
Oklahoma City, OK 73159

To the above-named Defendant(s)

    You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

    Issued this _24_ day of _____6_____, 2018

                            County Court Clerk

             By

                            Deputy Court Clerk

(Seal)

    This summons and order was served on

                            _____
                            (Signature of person serving summons)

    YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of_____, 2018, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2018, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2018. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2018.
By:
Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of_____, 2018.
My Commission Expires: _____
Seal                              . Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2018, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
| | | |



*1040713551*

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

MAXINE Y. DESANZO,                          )
                                            )
            Plaintiff,                      )
                                            )
                                            )        Case No.:
vs.                                         )
                                            )
AHS SOUTHCREST HOSPITAL, LLC                )
A Foreign Limited Liability Company,        )
                                            )
            Defendant.                      )

**DISTRICT COURT**
**F I L E D**

JUN 2 6 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**CJ-2018-02743**

Attorney Lien Claimed

**DANA LYNN KUEHN**

## PETITION

COMES NOW, the Plaintiff, Maxine Y. DeSanzo, through her attorneys of record, Daniel

E. Smolen and Lauren G. Lambright of SMOLEN, SMOLEN AND ROYTMAN, PLLC, and brings this

action against the Defendant for violations of her constitutionally protected rights arising out of

her employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1.      This is an action for damages to redress deprivation of rights secured by the Age

Discrimination in Employment Act of 1967 as amended by 29 U.S.C. 621 et seq. ("AEDA")

providing for relief against discrimination in employment based on age as well as for retaliation in

violation of Title VII of the Civil Rights Act of 1964 for being terminated shortly after engaging

in protected opposition to discrimination.

2.      The Plaintiff is a resident of Oklahoma and resides in Tulsa County, Oklahoma.

The Plaintiff was an at-will employee of the Defendant.

3.      Defendant AHS Southcrest Hospital, LLC, is a foreign limited liability corporation

doing business in Tulsa County, Oklahoma and employs over fifteen (15) employees.

4.      The injuries that are the subject of this dispute occurred in Tulsa County, Oklahoma

1

5.      This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

6.      Actual and Liquidated damages are sought pursuant to 29 U.S.C.A. § 626(b).

7.      Cost and attorney's fees may be awarded pursuant to 29 U.S.C.A. § 626 and under Title VII.

8.      Actual, Compensatory and Punitive damages are sought pursuant to 42 U.S.C. § 1981(b).

### FACTS COMMON TO ALL COUNTS

9.      Plaintiff, Maxine DeSanzo, incorporates as if realleged Paragraphs 1-8.

10.     Plaintiff began her employment with Defendant on or around June 1, 2009 as a staff nurse in the post-partum department of the hospital.

11.     Plaintiff was sixty-four (64) years old when she was fired from her employment.

12.     Plaintiff was a faithful and diligent employee throughout her employment.

13.     Over time, she promoted to Charge Nurse.

14.     The Plaintiff received positive performance reviews throughout her tenure with the Defendant until late 2016.

15.     At a shared governance meeting on April 28, 2016, the Plaintiff's new supervisor, Jamie Heitgrass, learned the Plaintiff's age during an exercise where Plaintiff informed those at the meeting that she had been a nurse for 44 years. Ms. Heitgrass was the Director of Nursing Operations and was responsible for completing Plaintiff's evaluations. India Jackson was also one of Plaintiff's supervisors and was in the position of Unit Director.

16.     Soon after the meeting, the Plaintiff noticed her work performance began being scrutinized. In July 2016, Ms. Heitgrass told her she was perceived as not being a team player. The Plaintiff had never heard this before and was unaware of any issues with coworkers.

2

17.     In August 2016, the plaintiff attended a pre-evaluation one on one meeting with her supervisor, India Jackson. For the first time in her career, there were several negative comments in it that were not verified and were untrue. The Plaintiff contested the comments and Ms. Jackson ended up changing them.

18.     On September 1, 2016 the Plaintiff received a disciplinary action for completing patient charting after clocking out. The Plaintiff is aware of several younger employees who have done this and have never been disciplined for it.

19.     Then on September 12, 2016 the Plaintiff received another unfounded write-up alleging she had withheld medication from a patient. The Plaintiff adamantly denies this ever occurred and the Plaintiff states the allegation was never even investigated prior to Defendant disciplining her.

20.     Shortly thereafter, on October 5, 2016, the Plaintiff was issued a third disciplinary action because a patient had allegedly asked that Plaintiff not be assigned them. Not only is it fairly common for patients to request to have or not to have certain nurses, and these requests are dealt with routinely by the Charge Nurses and not reported to management, but the Plaintiff was not the only nurse assigned to that patient the evening in question and the Plaintiff does not believe an investigation ever took place prior to issuing her the write up. The Plaintiff denied that this had even occurred, as she was never even made aware of it. As a result of this write up, Plaintiff received a three-day suspension, was stripped of her position as Charge Nurse and was removed from her weekend scheduling option, which resulted in a significant reduction in pay. The Plaintiff is aware of numerous incidents where nurses have been assigned to different patients due to patent requests and no one was ever disciplined for it.

21.     In October 2016, the Plaintiff submitted a formal complaint to HR regarding the fact she felt she was being treated differently based on her age and that she had been wrongfully

demoted as a result of her age. She gave examples of younger employees who were not being singled out and disciplined for committing the same actions Defendant alleged Plaintiff had committed. She requested to be reinstated as Charge Nurse and returned to weekend option. HR responded, upholding Plaintiff's supervisor's decision to demote her and did nothing to rectify or investigate Plaintiff's claims of disparate treatment based upon age.

22.    Plaintiff then filed a complaint with the EEOC in November 2016.  Shortly after the Defendant was made aware of Plaintiff's Charge of Discrimination, the Plaintiff received a fourth, unfounded write-up for issues Plaintiff is aware are routinely committed by younger coworkers who are not disciplined. The Plaintiff was then fired on May 19, 2017 for alleged patient complaints. The Plaintiff believes this was retaliation for her complaints to HR and to the EEOC.

23.    A Notice of Suit Rights was received by the Plaintiff. This Petition is being filed within ninety (90) days of receipt of this Notice of Suit Rights. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

**FIRST CLAIM FOR RELIEF**
**Disparate Treatment and Termination on the Basis of Age in Violation of the Age Discrimination in Employment act of 1967 (29 U.S.C. 621 *et seq.*)**

24.    The preceding paragraphs are incorporated herein by reference.

25.    The foregoing conduct violates the ADEA of 1967 as amended, 29 U.S.C. § 621 et seq.

26.    Plaintiff experienced disparate treatment compared to substantially younger coworkers with regard to discipline and termination in violation of the ADEA.

27.    Defendant's willful discriminatory practices have resulted in the loss of past and future wages and other job benefits.

4

28.     Defendant committed the acts alleged with malice or reckless indifference to the protected rights of the Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined by a jury.

29.     Upon information and belief, Plaintiff's termination was motivated in substantial part by her age, in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a)     Back pay and lost benefits; front pay until normal retirement;
b)     Liquidated damages for the willful intentional and knowing acts of discrimination committed by Defendants;
c)     Plaintiff's attorney fees and the costs and expenses of this action;
d)     Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
### Retaliation in Violation of Title VII

30.     The preceding paragraphs are incorporated herein by reference.

31.     The foregoing conduct violates the Title VII of the Civil Rights Act of 1964.

32.     The Plaintiff engaged in protected opposition to discrimination when she complained to Human Resources and to the EEOC about age discrimination in employment.

33.     Shortly after receiving Plaintiff's complaints, the Defendant issued the Plaintiff a disciplinary action and terminated her employment.

34.     The Defendant's actions were the result of Plaintiff's complaints about discrimination.

35.     Upon information and belief, Plaintiff's termination was motivated in substantial part by her age, in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a)     Back pay and lost benefits; front pay until normal retirement;
b)     Compensatory damages for pain and suffering
c)     Punitive damages for the willful intentional and knowing acts of discrimination committed by Defendants;

d) Plaintiff's attorney fees and the costs and expenses of this action;

e) Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELEIF
### Intentional Infliction of Emotional Distress

36.   The preceding paragraphs are incorporated herein by reference.

37.   The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

38.   The Defendant intentionally or recklessly caused severe emotional distress to the Plaintiff beyond which a reasonable person could be expected to endure.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, the Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, liquidated damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits as well as front pay until normal retirement, compensatory and punitive damages for its intentional actions, emotional distress, reasonable attorney fees and costs, and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN, SMOLEN & ROYTMAN**, PLLC

Daniel E. Smolen, OBA #19943
Lauren G. Lambright, OBA #22300
701 S. Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 Fax

*Attorneys for Plaintiff*