# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

MAXINE Y. DESANZO,

    Plaintiff,

vs.

AHS SOUTHCREST HOSPITAL, LLC,

    Defendant.

Case No. 18-CV-352-JED-FHM

## OPINION AND ORDER

Plaintiff's Motion to Quash Subpoena to Hydro Extrusion, [Dkt. 31], for Protective Order, [Dkt. 32], and Defendant's Motion to Compel or in the Alternative, enjoin Plaintiff from Interference with Subpoenas and for Sanctions, [Dkt. 39, 40], are fully briefed and before the undersigned United States Magistrate Judge for decision.

## Background

Plaintiff's employment at Defendant hospital was terminated. Plaintiff brought this lawsuit alleging age discrimination and retaliation for making an EEOC complaint. She seeks back pay, lost benefits, and front pay until retirement. Since her employment was terminated, Plaintiff moved to Arizona with her husband John DeSanzo when he took a job in that state. Defendant asserts that the move to Arizona cut off Plaintiff's claim for front pay. Plaintiff asserts that she would not have moved if she were still working for Defendant. She points out that she did not move to Texas when her husband took a job there.

Defendant issued subpoenas to Mr. DeSanzo's Arizona employer, Hydro Extrusion North America, LLC (Hydro) and his former employers Ascend Custom Extrusions (Ascend) and IPSCO Tubulars LLC (IPSCO) seeking information about the terms of Mr. DeSanzo's

employment, compensation, and benefits. Plaintiff moved to quash the Hydro subpoena and instructed IPSCO not to respond to the subpoena without a court order. Plaintiff did not move to quash the IPSCO subpoena. Mr. DeSanzo is not a party to this lawsuit and he did not object to any of the subpoenas. Neither Hydro nor IPSCO have lodged objections to the subpoenas. IPSCO refuses to respond to the subpoena, absent a court order. Plaintiff's counsel have not rescinded the instructions to IPSCO.

**Motion to Quash Subpoena to Hydro and for Protective Order [Dkt. 31, 32]**

Defendant issued a subpoena to Mr. DeSanzo's current employer, Hydro, seeking production of documents pertaining to Mr. DeSanzo's employment, such as: offer letter, contract, hiring documents, starting salary, pay structure including bonuses, potential for bonuses, and expected changes in pay.[1]

Although neither Hydro nor Mr. DeSanzo object to the subpoena, Plaintiff argues that she has a "personal right" to object to the subpoena of her husband's employment information. Plaintiff objects on the basis that the subpoena is irrelevant on its face as she claims Mr. DeSanzo's employment records have no bearing on her lost wages, mitigation efforts, infliction of emotional distress claim, or any other factor relevant to the claims. [Dkt. 31, p. 7]. Alternatively, Plaintiff argues that the marginal relevance of the documents would be outweighed by the harm of the disclosure. According to Plaintiff, Hydro is involved in government contracts and "Mr. DeSanzo believes that [Hydro] is wary of its employees being involved in any sort of litigation." [Dkt. 39, p. 8].

---

[1] The attachment to the subpoena also seeks documents concerning a change in the relationship between Mr. DeSanzo and a different employer, Ascend Custom Extrusions, LLC. No explanation appears in the parties' papers for why Defendant would seek information from Hydro about Mr. DeSanzo's relationship with a different and former employer. Since neither party makes an issue of the matter, the court will assume the wrong attachment was appended to the subpoena.

Plaintiff argues the subpoena potentially puts Mr. DeSanzo's employment at risk. Plaintiff further argues that the employment information is unnecessary as the DeSanzo's tax returns have been produced.

Defendant asserts that since the records being sought are not Plaintiff's, and since Mr. DeSanzo has not joined the motion to quash, Plaintiff lacks standing to object to the subpoena and argues that the motion should be denied on that basis. Defendant further argues that the subpoena imposes no undue burden on Plaintiff, as she will not bear any expenditure of time or money in compliance with the subpoena. In addition, Defendant argues that the employment information is relevant to defenses to Plaintiff's claim for lost wages. Defendant also states that the tax returns have not been produced for 2018 and further that Mr. DeSanzo's employment with Hydro did not begin until August 2018, so the 2018 tax returns would contain little information about the current employment. Further, the 2018 tax returns will not contain the detail Defendant has requested in the subpoena.

Plaintiff is seeking back pay and front pay. Defendant states it will have the burden to show Plaintiff failed to mitigate damages. On that point Defendant points out that although Plaintiff obtained full time employment, she quit that job after about a year and moved to Arizona with her husband. Defendant argues that, even if Plaintiff's employment with Defendant had not been terminated, her employment would have ended in May 2018 when she moved to Arizona, which cuts off the back pay and front pay claims. Plaintiff testified at deposition that she would not have moved to Arizona if she had still been employed by Defendant. Defendant disputes this assertion and

states that the information from Mr. DeSanzo's employer will enable Defendant to develop arguments to refute Plaintiff's claim she would not have moved to Arizona.

Regardless of standing, the court finds that the motion to quash should be denied on its merits. There has been no showing that the subpoena imposes any burden on Plaintiff. Plaintiff's comments about the possible impact on Mr. DeSanzo's employment are speculative.[2] Mr. DeSanzo has not objected to the subpoena so there is no assertion that production of the information is objectionable to him. Given the fact that Plaintiff seeks back pay and front pay, and the possible impact Plaintiff's move to Arizona may have on that claim, the court finds that information about Mr. DeSanzo's job with Hydro is a fair area of inquiry for discovery purposes. Moreover, the court is not persuaded that tax returns are sufficient to provide the information Defendant seeks.

Plaintiff's Motion to Quash Subpoena to Hydro Extrusion, [Dkt. 31], and for Protective Order, [Dkt. 32], are DENIED.

## Defendant's Motion to Compel [Dkt. 39]

Defendant issued a subpoena to Mr. DeSanzo's former employer, IPSCO. Defendant asserts that Plaintiff's counsel have improperly interfered with the IPSCO subpoena. Defendant seeks an order compelling IPSCO to respond to the subpoena and sanctions for the interference.

Plaintiff has not sought to quash the IPSCO subpoena or moved for a protective order but Plaintiff's counsel instructed IPSCO not to respond to the subpoena without

---

[2] Hydro became aware of the lawsuit when it received the subpoena, to the extent that mere knowledge of the lawsuit is damaging, that damage has already taken place.

4

a court order. Although neither Mr. DeSanzo nor IPSCO have objected to the subpoena, IPSCO has followed the instructions from Plaintiff's counsel and will not respond absent a court order.

Plaintiff states that, although she did not file a motion to quash the IPSCO subpoena, she did not waive her right to object to production of the records. The subpoena to IPSCO was dated January 29, 2019. Plaintiff has taken no action to bring her objection to the subpoena to the court's attention until May 1, 2019, when Plaintiff filed her response to Defendant's motion to compel. It is not clear how Plaintiff arrived at the conclusion that whatever rights she may have had to object to production of information sought in response to the subpoena to IPSCO were preserved in the face of months of inaction. The court finds that Plaintiff has not presented reasons for delay that may preserve any objection. The court further finds that Plaintiff has not presented sufficient reasons for the court to deny the motion to compel.

The court finds that the information sought by the IPSCO subpoena is relevant for discovery purposes and therefore Defendant's Motion to Compel, [Dkt. 39] is GRANTED.

### Defendant's Motion for Sanctions [Dkt. 40]

Defendant asserts that the interference by Plaintiff's counsel with the subpoena to IPSCO was wrongful and should be sanctioned.

According to Plaintiff, Plaintiff's counsel called IPSCO and expressed objection to the subpoena over the phone. IPSCO requested the objection in writing. Plaintiff's counsel wrote a "quick letter" which requested IPSCO to not produce the requested

employment records without an order from this court.[3] Plaintiff states the request that IPSCO not produce the records without a court order was a regrettable stray sentence. Plaintiff states, "This stray sentence was admittedly improper, but was not in any way made in bad faith." [Dkt. 45, p. 4]. Plaintiff also asserts that "Plaintiff's counsel was not aware of the mistake, apparently made in an extreme rush, until Defendant's motion." [Dkt. 45, p. 5]. Plaintiff states that the letter does not evince bad faith and counsel's actions have not multiplied proceedings so as to make sanctions appropriate under 28 U.S.C. § 1927.

The statement that "Plaintiff's counsel was not aware of this mistake . . . until Defendant's Motion" is inaccurate, [Dkt. 45, p. 5], as demonstrated by email correspondence between Defendant's counsel and Plaintiff's counsel. By email dated March 4, 2019 the instructions to IPSCO were addressed to Plaintiff's attorneys. [Dkt. 41-3, p. 2]. In that email Defendant's counsel asked for a copy of whatever letter was sent to IPSCO. The letter to IPSCO has not been provided to Defendant, nor has it been tendered to the court. On March 15, 2019, Defendant's attorney sent an email to Plaintiff's counsel again addressing counsel's letter to IPSCO. In that email Defendant's counsel suggested the letter to IPSCO may have been in error because no motion to quash had been filed concerning the IPSCO subpoena. Plaintiff's counsel was asked to retract the instruction to IPSCO not to produce the records. [Dkt. 39-4, p. 3; Dkt. 41-4, p. 3]. On March 20, 2019, Defendant's counsel sent another email to

---

[3] The court notes that Plaintiff's brief does not identify the attorney making the telephone call to IPSCO, or the author of the letter. Instead, Plaintiff states that the call was made and the letter was written by "Plaintiff's counsel's office." [Dkt. 45, p. 4]. Nor has Plaintiff produced the offending letter to Defendant or to this court.

6

Plaintiff's counsel seeking confirmation that the issue with IPSCO had been resolved. [Dkt. 39-4, p. 2]. Plaintiff's counsel responded that Defendant would have to file a motion to compel in regard to IPSCO. *Id*. Defendant's Motion to Compel was filed on April 4, 2019, a month after Defendant's counsel first inquired about the offending letter.

Although the "quick letter" to IPSCO was written in February, it was not withdrawn or corrected when the admittedly improper instruction came to counsel's attention by email in March, when Defendant's motion was filed on April 4, 2019, or when Plaintiff's response brief was filed on May 1, 2019. Instead, Plaintiff's counsel have attempted to excuse their actions by referring to the letter to IPSCO as a "quick letter," as if a "quick letter" safe harbor exists for admittedly improper instructions which interfere with a subpoena. The court expects better attention to detail than that demonstrated by counsel's actions with respect to the IPSCO subpoena and the presentation of the inaccurate information to the court.

Had Plaintiff's counsel filed a motion to quash, Defendant would have been required to file a response brief and the overall result would have been practically the same. So, while Plaintiff's counsel were clearly in error, the court declines to issue any sanction.

Defendant's Motion for Sanctions, [Dkt. 40], is DENIED.

## **Conclusion**

Plaintiff's Motion to Quash Subpoena to Hydro Extrusion, [Dkt. 31], and for Protective Order, [Dkt. 32], are DENIED. Hydro Extrusion North America, LLC is required to respond to the subpoena from Defendant.

Defendant's Motion to Compel, [Dkt. 39] is GRANTED. IPSCO Tubulars LLC is required to respond to the subpoena from Defendant.

Defendant's Motion for Sanctions, [Dkt. 40], is DENIED.

SO ORDERED this 3rd day of June, 2019.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE